William C. Heoht, Jr., J.
Petitioner seeks to review a final order of the State Bent Administrator granting certificates of eviction to a landlord who proposed to demolish existing structures and construct a new building containing additional housing.
The property involved includes buildings designated as 750 through 758 Second Avenue and 301 through 313 East 40th Street. The combined properties according to an amended application contained a total of 177 apartments and the new building would consist of 201 apartments, at an estimated cost of $6,250,000.
The gist of petitioner’s grievance is that the regulatory condition must be construed to exclude the replacement of middle-income housing with luxury rental high-income housing and to forbid demolition when the increase will be from 196 units to only 201 units.
I agree with respondent that the regulation (State Bent and Eviction Begulations, § 58) neither states nor implies any such limitation. The creation of additional housing, as the respondent contends, is an activity bearing directly on the alleviation of the housing shortage and the regulation which fosters that activity is a clear and reasonable implementation of the statute. In my view it is fair to conclude that the decision as to how best the statute is to be implemented is within the prerogative of the Administrator who is in a far better position than the court to evaluate any given situation under the regulation in question.
It appears that the financial responsibility of the landlord was established by a written commitment from an institution to extend mortgage credit in the form of a building loan in the amount of $6,250,000. The Administrator also considered a written affidavit by Jack Parker, owner of the property, in which he stated his net worth to be approximately $2,688,000 and that he specifically committed as much of these funds as would be necessary over and above the building loan to complete the proposed work. The Administrator further found that Jack *689 Parker had long extensive experience in the construction of new housing of the type involved in this proceeding and that Parker’s experience related even to current times when he completed at least two of the outstanding housing projects in New York City.
I reject petitioner’s contention that respondent’s action was invalid in view of the fact that while the application was pending in the local rent office the Local Administrator permitted amendments to the landlord’s application at all stages during the proceedings while continuing to let the stay issued by the local office run.
During the course of the argument it was strenuously urged on the part of the tenants that the landlord had misled respondent by filing plans for a building other than the one he proposed to construct.
The record, however, shows that through inadvertence the original plan was filed for a permit for a site identified as 760 Second Avenue. This building was completely vacant at the time. An amendment was filed, the 760 plot was eliminated but this elimination, according to respondent did not in any manner affect the actual plans. The total plottage as well as the design of the building was exactly the same after the amendment. The net result of the amendment was that the building site in the new plans did not include 760 Second Avenue. Consequently it appears clear to the court that respondent properly concluded that no fraud or irregularity with respect to the plans could be charged to the landlord or that there was lack of good faith on the latter’s part.
I further agree with respondent that petitioner’s reference to an amendment of the approved plans which resulted in a change of name from Nancy Jane, Inc., to Jack Parker was a technical and nominal change well recognized in normal real estate practices.
On the entire record before me I find that the determination of respondent is in all respects proper and reasonable and see no reason to disturb it. This application is therefore denied and the petition is dismissed.